**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 23-4367**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES QUINTELL LYONS, JR.,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cr-00396-BO-1)

―――――――――――

Submitted:  September 18, 2024                           Decided:  October 16, 2024

―――――――――――

Before RICHARDSON, RUSHING, and HEYTENS, Circuit Judges.

―――――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Quintell Lyons, Jr., appeals his convictions and sentence imposed pursuant to a guilty plea to possession of ammunition by a felon and possession of a firearm during and in relation to a crime of violence and aiding and abetting. On appeal, Lyons challenges the denial of his motion to withdraw his guilty plea and asserts that the district court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(4)(B) (2021). The Government has filed a motion to dismiss Lyons's appeal of his sentence based on the appeal waiver in his plea agreement. We affirm in part and dismiss in part.

We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea . . . ." *Id.* at 383-84 (internal quotation marks omitted). To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Further, the defendant "bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted); *see Nicholson*, 676 F.3d at 384 (discussing factors courts consider in evaluating a motion to withdraw a guilty plea).

Lyons argues that the district court abused its discretion by denying his motion to withdraw his guilty plea because the court did not notify him of the right to plead not guilty, he did not enter the plea knowingly, he asserted his innocence, and there would be no significant prejudice to the Government should he be permitted to withdraw his plea. After

2

a careful review of the record and considering the relevant standards, we conclude that the district court did not abuse its discretion. Although the court did not inform Lyons of his right to plead not guilty, the court's omission is harmless. Lyons affirmed at his plea hearing that his plea was voluntary and free of improper outside influence and that he understood the plea agreement and its terms. Critically, such declarations "carry a strong presumption of verity." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Moreover, Lyons did not credibly assert his legal innocence or demonstrate that his counsel performed deficiently. The remaining factors also weighed against permitting withdrawal of the plea.

Turning to the Government's motion to dismiss Lyons's appeal of his sentence, we review an appeal waiver de novo to determine its enforceability. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "Where[, as here,] the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) (internal quotation marks omitted); *see Boutcher*, 998 F.3d at 608. "A valid appeal waiver is one entered by the defendant knowingly and intelligently." *Boutcher*, 998 F.3d at 608 (internal quotation marks omitted). To determine whether a waiver is valid, we evaluate "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate

3

rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record on appeal leads us to conclude that Lyons knowingly and voluntarily waived his right to appeal. The plea agreement's waiver language was clear, and the district court confirmed that Lyons understood the provision. Moreover, Lyons's sentencing challenge on appeal falls squarely within the scope of the valid appeal waiver.[*]

Accordingly, we grant the motion to dismiss the appeal as it pertains to Lyons's sentence, and we affirm the remainder of the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] Lyons argues that his sentencing claim falls outside the waiver's scope because USSG § 2K2.1(b)(4)(B) is unconstitutional. However, we recently reversed the case on which he relies. *See United States v. Price*, 111 F.4th 392, 408 (4th Cir. 2024) (en banc).

4